CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 19, 2026

LAURA A. AUSTIN, CLERK
BY:
            s/A. Beeson
            DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| SETH MICAH HUBBARD, | ) | |
| Plaintiff, | ) | Civil Action No. 7:26cv00111 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DAVID COX, et al., | ) | By:  Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Seth Micah Hubbard, a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 against six individuals employed at or associated with the Western Virginia Regional Jail.  Hubbard, who has been diagnosed with celiac disease, seeks to hold defendants responsible for injuries he allegedly suffered because he did not receive a "medically necessary" gluten-free diet.  ECF No. 3 at 1.  The case is presently before the court on Hubbard's Motion for Preliminary Injunction, requesting "immediate transfer from the Western Virginia Regional Jail to the Virginia Department of Corrections."  ECF No. 3 at 1.  For the following reasons, the motion is denied as moot.

Public records available online[1] indicate that Hubbard has been transferred to the custody of the Virginia Department of Corrections and that he is now confined at Bland Correctional Center.  *Virginia Department of Corrections, Inmate Locator*, https://vadoc.virginia.gov/general-public/inmate-and-supervisee-locator/inmate-search-results/?key=534a04e6-96b9-42bd-8149-933068ead65c, *archived at* https://perma.cc/DH4Q-BU6R.  **"**[A]s a general rule, a prisoner's

---

[1] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned…at any stage of the proceeding."  Fed. R. Evid. 201.  This includes taking judicial notice of government websites.  *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017); *Davis v. United States*, No. 7:24-cv-00764, 2026 WL 1008162 *1, fn 1 (W.D. Va. Apr. 14, 2026).

transfer or release from a particular prison [or jail] moots his claim for injunctive … relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Firewalker-Fields v. Lee*, 58 F.4th 104, 113-114 (4th Cir. 2023).  "The reasoning for finding mootness in such a context are clear." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Once an inmate is removed from the challenged environment, he "has no further need for such … injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place." *Id.*

Accordingly, I will deny his motion for preliminary injunction.  A separate order will be entered this day.

Enter:  May 19, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge